# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 19-10068
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
November 7, 2019

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

JUAN PEREZ-ROMAN,

Defendant - Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:18-CR-184-1

Before BARKSDALE, HAYNES, and ENGELHARDT, Circuit Judges.

PER CURIAM:*

Juan Perez-Roman challenges his above-Guidelines sentence of, *inter alia*, 72-months' imprisonment for illegal reentry after deportation, in violation of 8 U.S.C. § 1326(a) and (b)(1).  Perez asserts:  his sentence was procedurally and substantively unreasonable; and the district court imposed an unconstitutional sentencing enhancement relating to 8 U.S.C. § 1326(b)(1)

---

* Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

No. 19-10068

(establishing sentencing enhancement when removal follows, *inter alia*, a felony).  Each claim fails.

Although post-*Booker*, the Sentencing Guidelines are advisory only, the district court must avoid significant procedural error, such as improperly calculating the Guidelines sentencing range.  *Gall v. United States*, 552 U.S. 38, 46, 51 (2007).  If no such procedural error exists, a properly preserved objection to an ultimate sentence is reviewed for substantive reasonableness under an abuse-of-discretion standard.  *Id.* at 51; *United States v. Delgado-Martinez*, 564 F.3d 750, 751–53 (5th Cir. 2009).  In that respect, for issues preserved in district court, its application of the Guidelines is reviewed *de novo*; its factual findings, only for clear error.  *E.g.*, *United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008).

In claiming procedural error, Perez asserts the district court failed to consider the pertinent 18 U.S.C. § 3553(a) sentencing factors; failed to adequately explain the upward variance imposed; failed to respond to his request at sentencing for a within-Guidelines sentence; and considered factors already accounted for in calculating the Guidelines range.  The court, however, listened to the parties' assertions, cited the § 3553(a) factors generally, and provided an adequate explanation of the above-Guidelines sentence.  The court further referenced specific facts and circumstances of this case, including Perez' history of numerous prior deportations and illegal reentries and the need to deter yet another illegal reentry.  *See United States v. Pillault*, 783 F.3d 282, 289–90 (5th Cir. 2015) (holding a fact-specific explanation, consistent with the § 3553(a) factors, is sufficient to justify a sentence outside the Guidelines range).  To the extent the district court based the above-Guidelines sentence on a factor already accounted for by the Guidelines range, this does not constitute procedural error.  *United States v. Brantley*, 537 F.3d 347, 350

No. 19-10068

(5th Cir. 2008) ("[A] district court may rely upon factors already incorporated by the Guidelines to support a non-Guidelines sentence".) (citation omitted).

In challenging the substantive reasonableness of his sentence, Perez asserts it was greater than necessary to achieve the sentencing goals in 18 U.S.C. § 3553(a), and the court did not adequately consider or properly weigh the mitigating factors Perez presented. A non-Guidelines sentence fails to comport with § 3553(a) when it "(1) does not account for a factor that should have received significant weight, (2) gives significant weight to an irrelevant or improper factor, or (3) represents a clear error of judgment in balancing the sentencing factors". *United States v. Diehl*, 775 F.3d 714, 724 (5th Cir. 2015) (citation omitted). "[R]eview for substantive reasonableness is highly deferential". *Id.* (internal quotation marks and citation omitted). Disagreement with the district court's balancing of the § 3553(a) factors "is not a sufficient ground for reversal". *United States v. Malone*, 828 F.3d 331, 342 (5th Cir. 2016) (citations omitted).

In the light of this high level of deference, Perez has not shown the court gave improper weight to any factor or clearly erred in its balancing. As explained above, in support of its sentence, the court adequately considered the parties' positions, weighed "all of the facts and the circumstances in this case", and explained the sentence was based on valid § 3553(a) factors, including deterrence.

Finally, Perez asserts the court imposed an unconstitutional sentencing enhancement under 8 U.S.C. § 1326(b)(1) when it did not advise him, before he pleaded guilty, that the fact of his prior conviction was an element of the offense. In *Almendarez-Torres*, however, the Supreme Court held, for purposes of a statutory sentencing enhancement, a prior conviction need not be alleged in the indictment or found by a jury beyond a reasonable doubt. *Almendarez-*

No. 19-10068

*Torres v. United States*, 523 U.S. 224, 239–47 (1998).  Our court has held subsequent Supreme Court decisions did not overrule *Almendarez-Torres*.  *See, e.g.*, *United States v. Wallace*, 759 F.3d 486, 497 (5th Cir. 2014) (stating *Alleyne v. United States*, 570 U.S. 99, 107–08, 111 n.1 (2013), which held that "any fact that increases a defendant's mandatory minimum sentence must be presented to a jury and found beyond a reasonable doubt", did not overrule *Almendarez-Torres*).  Perez correctly observes this challenge is foreclosed by our precedent and seeks only to preserve the issue for further appellate review.

AFFIRMED.